UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ERIC D. GANT,

   Plaintiff,

  v.

SALLY J. BERENS,

   Defendant.

_____/

Case No. 1:26-cv-01823

Hon.  Jane M. Beckering
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff Eric D. Grant filed this delusional, frivolous, and malicious lawsuit naming U.S. Magistrate Judge Berens as the Defendant.  ECF No. 1.  Gant says that on June 1, 2026, U.S. Magistrate Judge Berens issued a Report and Recommendation to dismiss one of his lawsuits as frivolous.  He sues Judge Berens because he has now anointed himself under the Michigan Constitution as "King of the state of Michigan, the United States, and the World."  *Id.*, PageID.1.  As King, Plaintiff has decided that the U.S. Magistrate could not make a recommendation against his interest.[1]  Plaintiff says that his complaint "does not arise under the laws of the United States, or treaties of the United States."  *Id.*, PageID.3.

**II. Analysis**

This Court has original subject matter jurisdiction over actions that involve

---

[1]   Gant makes this threat in his pleading by writing that "[t]he penalty for violating this law is a penalty of death or any other punishment the King [Gant] determines."  ECF No. 1, PageID.2.

1

"federal questions" that arise under the Constitution, federal law, or treaties of the United States.  28 U.S.C. § 1331.  Plaintiff admits that his lawsuit does not arise under the Constitution, federal law, or treaties, but is based upon something that he made up himself, as "King Eric."  *Id.*, PageID.2.  For that reason, Plaintiff's complaint should be dismissed.[2]  But the Court should not stop there.

### III.  Sanctions

Here, Plaintiff has moved to proceed *in forma pauperis.*  ECF No. 2. Proceeding *in forma pauperis* is a privilege that the Court may grant to indigent litigants.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  Unfortunately, sometimes a litigant abuses the privilege by repeatedly filing frivolous lawsuits. *Mathis v. U.S. Marshal Service*, No. 1:20-cv-711, 2020 WL 5943010, *1 (W.D. Mich. Oct. 7, 2020).  The Court explained:

> Having considered the submissions in these cases, the Court concludes that continuing to allow Plaintiff the privilege of proceeding *in forma pauperis* in future lawsuits does not promote the use of Court resources in the interest of justice. *See generally In re McDonald*, 489 U.S. 180 (1989); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989). The Sixth Circuit has repeatedly recognized that a district court may properly deny a vexatious litigant permission to proceed *in forma pauperis* where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to

---

[2]    In   addition, Judges are entitled to absolute judicial immunity for actions taken within a judge's judicial authority. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted).  There is no doubt that the issuance of an R. & R. was within Magistrate Judge Berens's judicial authority entitling Judge Berens to absolute judicial immunity.  Gant has recourse – he could have filed objections to the R. & R. and/or appeal the ultimate decision – but he cannot sue the judge who recommended that his case be dismissed.

proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Atchison v. Farrell*, 230 F.3d 1357, at \*2 (6th Cir. Sept. 15, 2000) (quoting *Maxberry*, 879 F.2d at 224). *See, e.g., Boles v. Matthews*, 173 F.3d 854, at \*3 (6th Cir. 1999); *Robinson v. Giavasis*, 110 F.3d 64 (6th Cir. 1997); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). As set forth more fully in the Report and Recommendation, Plaintiff has a demonstrated history of filing unsubstantial and vexatious litigation, justifying this prospective restriction. Accordingly, in the future, Plaintiff will not be permitted to file another action without payment of the full filing fee.

*Id.*

Gant has filed the following lawsuits in this Court:

- *Gant v. United States of America*, 1:24-cv-754 (W.D. Mich., July 25, 2024), dismissed for lack of subject matter jurisdiction (August 19, 2024);

- *Gant v. Nelnet*, 1:25-cv-339 (W.D. Mich., March 27, 2025), dismissed as frivolous (April 14, 2025);

- *Gant v. Orbit Leasing*, 1:25-cv-340 (W.D. Mich., March 27, 2025), dismissed for lack of jurisdiction (April 16, 2025);

- *Gant v. United States Bankruptcy Court,* 1:25-cv-397 (W.D. Mich., April 15, 2025), dismissed for lack of subject matter jurisdiction (May 6, 2025);

- *Gant v. Standard Consumer,* 1:25-cv-398 (W.D. Mich., April 10, 2025), dismissed as frivolous and for lack of jurisdiction (June 12, 2025);

- *Gant v. Michigan Dept. of Transportation,* 1:26-cv-1671 (W.D. Mich., May 22, 2026), R. & R. entered to dismiss as frivolous and for lack of jurisdiction; and

- *Gant v. State of Michigan,* 1:25-cv-1080 (W.D. Mich., September 12, 2025), dismissed as frivolous (September 22, 2025) (There the Court stated: "**The**

**Court hereby notifies Gant that filing of further frivolous actions may result in the revocation of his ability to proceed in forma pauperis in this Court**.")

In the opinion of the undersigned, Gant has similarly abused the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, and by filing this lawsuit for an improper purpose, despite being warned by the Court that future frivolous filings will result in revocation of his *in forma pauperis status*.[3]  This case shows that Gant does not take litigation in this Court seriously.   For this reason, and the fact that he has repeatedly filed baseless lawsuits in this Court, it is recommended that the Court restrict Gant's filing privileges in this Court.

**IV. Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint as frivolous and due to lack of subject matter jurisdiction.

It is further recommended that the Court prohibit Gant from filing a lawsuit in this Court without the prepayment of the filing fee, unless Gant obtains a signature from a licensed attorney admitted to the Western District of Michigan certifying that Gant's complaint is not frivolous, malicious, or brought for an improper purpose.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C);

---

[3]    The Court could enter a show cause order requiring Plaintiff to show cause why monetary sanctions should not be imposed against him for violating Fed. R. Civ. P. 11.

4

Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 16, 2026                              /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U. S. MAGISTRATE JUDGE

5